UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MILES DISTRIBUTORS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:04-CV-561 CAN |
| ) | |
| SPECIALITY CONSTRUCTION ) | |
| BRANDS, INC., d/b/a TEC ) | |
| SPECIALITY PRODUCTS, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION**

This case arises out of an unfair competition claim filed by Plaintiff on August 27, 2004. On May 4, 2005, Plaintiff filed a motion to compel deposition testimony on two deposition questions. Plaintiff also requested its attorneys' fees incurred in bringing the motion to compel and for resuming the deposition. For the following reasons, Plaintiff's motion [Doc. No. 27] is **GRANTED IN PART** and **DENIED IN PART**.

**I.    RELEVANT BACKGROUND**

Defendant manufactures, among other products, setting materials such as grout and mortar. Defendant sold its setting materials to Plaintiff who in turn sold the products to retail tile stores and contractors. On June 17, 2004, Defendant sent Plaintiff a letter terminating their business relationship. Plaintiff, alleging that Defendant was engaging in illegal price fixing, filed this action on August 27, 2004.

On March 23, 2005, Plaintiff took the deposition of Christopher Bailey, Defendant's employee. Plaintiff asked Bailey questions about the June 17, 2004 termination letter. Bailey responded that the letter originated from a template letter that Defendant had previously sent to

some of its Florida customers.  Bailey specifically stated that the letter had to be "changed to fit [the Plaintiff's] situation and approved by legal."  The following transaction then occurred:

> Q: Were changes made by Legal when the draft was sent?
>
> (Defense Counsel): Don't answer that-I instruct you not to answer that question.  It invades the attorney-client privilege.
>
> (Plaintiff's Counsel): I'm not asking about what changes were made, I think that would be a proper objection.  But I am asking were changes made, not specifically what changes.
>
> Q: You had it sent for their review before it went out, you've already testified to that.  My question to you is: After they reviewed it, were changes made?
>
> (Defense Counsel): Don't answer that.  I am not going to permit him to answer that.
>
> (Plaintiff's Counsel): Are you going to answer that question?
>
> A: No I am not.
>
> (Plaintiff's Counsel): Would you certify that question please?
>
> Q: You understand that I am not asking you what changes were made or even if changes were made as a result of any discussions you had with legal counsel.  I am just asking after it went to legal counsel were changes to the draft of the letter made?  And you are not going to answer that question?
>
> (Defense Counsel): No, he is not going to answer it.
>
> (Plaintiff's Counsel): OK, would you certify that.

(Bailey Deposition, pgs. 231-232).

On May 6, 2005, Plaintiff filed a motion to compel Bailey's deposition testimony regarding the two certified questions.  Defendant again objected and asserted the attorney-client

privilege with regards to the testimony.  This Court may rule on Plaintiff's motion pursuant to the parties' consent and 28 U.S.C. § 636(c).

**II.   APPLICABLE LAW**

Fed. R. Civ. P. 26 (b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party."  Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26 (b)(1). For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)).

This Court has broad discretion when deciding whether to compel discovery.  Fed. R. Civ. P. 26(c); Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery."); Gile v. United Airlines, Inc., 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel.").  In ruling on a motion to compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." Gile, 95 F.3d at 496.

An attorney-client privilege applies in the following situations:

> Where legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal adviser, except the protection be waived.

U.S. v. Evans, 113 F.3d 1457, 1461 (7th Cir. 1997).  The party invoking the privilege has the burden of proving all of the elements.  Id.  However, because the privilege has the effect of withholding relevant information, courts construe the privilege to apply only where necessary to achieve its purpose.  U.S. v. BDO Seidman, 337 F.3d 802, 811 (7th Cir. 2003).

**III.    PLAINTIFF'S MOTION TO COMPEL**

Plaintiff requests that this Court order Bailey to answer the following two questions: 1) After legal reviewed the letter, were changes made; and 2) After the letter went to legal counsel were changes to the draft of the letter made? These two questions are essentially the same. Defendant objects on the grounds that these questions invade the attorney-client privilege. Defendant contends that Plaintiff is really asking "did your lawyer tell you to make changes to the letter and did you do it?"  (Def. Resp. pgs. 3-4).

This Court does not agree with Defendant that Plaintiff's questions are directed to the substance of the communication between Bailey and legal counsel, which would be protected by the attorney-client privilege.  Plaintiff does not inquire as to what either Bailey or counsel might have said or suggested regarding the letter, nor does Plaintiff ask to see a copy of the draft. Rather, Plaintiff's questions go to whether any changes were made after the legal department reviewed the letter. This inquiry does not encroach upon the attorney-client privilege because it is not addressing the substance of the communication, but addresses the fact of whether any changes were made.

Although Defendant also suggests that this information is not material or relevant to the case, the relevancy of particular information is to be construed broadly.  It is possible that this information could reasonably lead to other information that may bear on a fact in issue.  Thus,

4

this Court **GRANTS** Plaintiff's motion as it relates to Bailey's deposition testimony.  Bailey is **ORDERED** to answer Plaintiff's questions regarding whether any changes were made to the letter after the legal department reviewed it by **July 20, 2005**.

**IV.     ANCILLARY MATTERS**

    A.     Plaintiff's Request for Attorneys' Fees Associated with the Motion to Compel

Plaintiff requests the reasonable fees incurred in bringing the motion to compel.  Fed. R. Civ. P. 37(a)(4) states that if a motion to compel is granted, the court shall require the opposing party to pay the moving party the reasonable expenses incurred in making the motion unless the opposing party's objection was substantially justified.  Defendant asserts that fees should not be awarded because it was substantially justified in refusing to answer Plaintiff's deposition questions.  While Defendant was trying to protect the attorney-client privilege, Defendant's assertion of the privilege was not substantially justified as Plaintiff's deposition question clearly did not inquire as to the substance of the communication.  Therefore, Plaintiff's requests for fees associated with bringing the motion to compel is **GRANTED**.  Plaintiff shall file an itemized statement of the attorneys' fees associated with bringing the motion to compel by **June 17, 2005**.  Defendant has until **June 24, 2005**, to file any objections to Plaintiff's itemized statement.

    B.     Plaintiff's Request for Fees to Resume the Deposition

Plaintiff also requested the fees that it will incur in resuming Bailey's deposition.  While Rule 37 allows for costs associated with bringing a motion to compel, it does not explicitly require the fees for the resumption of the deposition.  Fed. R. Civ. P. 30(d)(3) allows a court to impose sanctions, in the form of reasonable costs and attorney's fees, upon a finding that any impediment or other conduct has frustrated the fair examination of the deponent.  Although

Defendant did object to the questioning, it does not appear that the objections significantly impaired Plaintiff's ability to fairly question Bailey.[1] Therefore, Plaintiff's motion as it relates to the fees associated with resuming the deposition is **DENIED**.

        C.      <u>Plaintiff's Requests for the Deposition to Resume in South Bend, Indiana</u>

Plaintiff's last request is that Bailey be ordered to come to South Bend to resume the deposition. Bailey lives in New Hampshire and defense counsel is located in Minnesota. Bailey's last deposition was in Chicago. Plaintiff asserts that it needs to resume the deposition and requests that the deposition be held in South Bend. Nowhere in its brief does Plaintiff allude to the fact that the deposition ended abruptly when Bailey refused to answer the questions. It is unclear on exactly how much testimony is needed to answer a yes or no question and whether it would be beneficial to resume a full deposition. Thus, parties should attempt to work out an amicable solution to the location of the deposition should a full deposition need to be rescheduled. As there is now an abundance of communication technologies available, it is possible that parties could reach a solution that would prevent anyone from traveling. Therefore, at this time, this Court **DENIES** Plaintiff's motion as it relates to the location of the deposition. If, after conferring with Defendant about the scope and duration of the possible deposition, Plaintiff feels that this Court's intervention is necessary to establish the appropriate location for a reconvened deposition, Plaintiff may file a renewed motion with this Court.

---

[1] Plaintiff's ability to fairly question Defendant is apparent in the deposition excerpts provided to this Court. These objections did not arise until page 231 of the deposition, illustrating that Plaintiff had already conducted an extensive deposition.

V. CONCLUSION

For the aforementioned reasons, Plaintiff's motion to compel [Doc. No. 27] is

**GRANTED IN PART** and **DENIED IN PART**. Specifically, this Court:

- **GRANTS** Plaintiff's motion as it relates to compelling the deposition testimony of Christopher Bailey on the issue of whether any changes were made to the termination letter after the legal department reviewed the letter and any relevant follow-up questions;

    - Bailey is **ORDERED** to answer Plaintiff's questions regarding whether any changes were made to the letter after the legal department reviewed the document by **July 20, 2005**;

- **GRANTS** Plaintiff's motion as it relates to attorneys' fees associated with bringing the motion to compel;

    - Plaintiff shall submit an itemized statement of the reasonable attorneys' fees incurred in bringing the motion to compel by **June 17, 2005**. Defendant shall file any objections to Plaintiff's statement by **June 24, 2005**;

- **DENIES** Plaintiff's motion as it relates to the fees incurred in resuming Bailey's deposition; and

- **DENIES** Plaintiff's motion as it relates to ordering that Bailey's deposition be resumed in South Bend, Indiana.

**SO ORDERED.**

Dated this 3rd Day of June, 2005.

                                                s/Christopher A. Nuechterlein
                                                Christopher A. Nuechterlein
                                                United States Magistrate Judge